993 So.2d 178 (2008)
Elaine Denise BROOKINS, Appellant,
v.
FORD CREDIT TITLING TRUST, Appellee.
No. 4D07-2010.
District Court of Appeal of Florida, Fourth District.
October 31, 2008.
Elaine D. Brookins, Hollywood, pro se.
James H. Wyman of Hinshaw & Culbertson, LLP., Fort Lauderdale, for appellee.

EN BANC
PER CURIAM.
We grant the motion to consider this case en banc and withdraw the corrected panel opinion dated July 16, 2008.
The trial court granted a summary judgment in favor of a long term lessor of a motor vehicle in a suit by a party claiming injuries in an accident involving the lessee of the leased vehicle. We affirm the summary judgment on the ground that the lessor was entitled to judgment under section 324.021(9)(b)1, Florida Statutes (2007). Because it is not necessary to the decision in this case, we do not reach the question of whether the Graves Amendment, 49 U.S.C. § 30106, preempts section 324.021(9)(b)1, an issue considered in the circuit court.
In this case, the lessee failed to maintain the liability insurance specified in the lease. However, the lessor maintained a blanket policy of liability insurance covering its fleet of leased automobiles with expressed limits of $1 million. That policy satisfied the requirements of Florida law under section 324.021(9)(b)1. The lessor has thus satisfied the requirements of Florida law to avoid the imposition of liability for the injuries caused in the accident.
Affirmed.
SHAHOOD, C.J., STONE, WARNER, POLEN, GROSS, TAYLOR and MAY, JJ., concur.
FARMER, J., concurs specially, in which STEVENSON and HAZOURI, JJ., concur.
KLEIN and DAMOORGIAN, JJ., recused.
FARMER, J., concurring.
I would not grant rehearing en banc. I disagree with the majority's conclusion that the decision on preemption in the previous panel opinion was unnecessary. The trial judge granted summary judgment in favor of Ford Credit solely on the basis that the Graves Amendment preempted § 324.021(9)(b), Florida Statutes (2007). The issue of preemption was necessary because it was the substantive issue decided by the trial court. If the Florida statute is preempted by the Graves Amendment, it does not matter *179 whether Ford Credit complied with it or not.
As for the issue of preemption under the Graves Amendment, I refer the reader to my dissenting opinion in Vargas v. Enterprise Leasing Co., No. 4D07-3929, ___ So.2d ___, 2008 WL 4756388 (Fla. 4th DCA Oct. 31, 2008) (en banc), released concurrently with the opinions in the present case.
I concur in affirming the summary judgment in this case because the record from the trial court shows without factual dispute that Ford Credit complied with § 324.021(9)(b) and was thereby relieved of any liability for plaintiff's injuries. Plaintiff's compensation must come from the available insurance coverage, rather than from Ford Credit.
STEVENSON and HAZOURI, JJ., concur.